UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN BOLANOWSKI, JOSEPH          )
BOLANOWSKI, and ELAINE            )
BOLANOWSKI,                       )
                                  )
            Plaintiffs            )
                                  )
            v.                    )   Case No. 2:04 cv 181
                                  )
GMRI, INC., d/b/a Red Lobster,    )
                                  )
            Defendant             )

OPINION

    This matter is before the court on the Motion to Reconsider
And In The Alternative to Grant an Extension of Time to Answer
Interrogatories filed by the plaintiffs, Brian, Joseph, and
Elaine Bolanowski, on March 4, 2005.  For the reasons set forth
below, the motion is **DENIED**, and this matter is **DISMISSED WITH
PREJUDICE**.

Background

    On October 28, 1990, the automatic door in a Red Lobster
restaurant allegedly closed on the hand of six year old Brian
Bolanowski and injured him.  On March 30, 2004, Brian and his
parents, Joseph and Elaine Bolanowski, filed a complaint in state
court which the defendant removed to this court on April 28,
2004.

    Since its removal to federal court, this case has been the
subject of two motions to compel discovery, a motion to correct
the caption, two motions for sanctions, and a motion to show
cause why the plaintiffs have failed to comply with one of the
court's previous orders.  The plaintiffs have not responded to

<u>any</u> of these motions, even though the defendant sought dismissal with prejudice.  On February 7, 2005, this court warned the plaintiffs that no extensions of time would be granted and that failure to produce a certain file would result in dismissal with prejudice.

On January 25, 2005, the defendant filed a motion to compel answers to interrogatories propounded in November 2004.  Once again the plaintiffs failed to respond to this motion.  Consequently, on February 23, 2005, the court granted the motion to compel, ordered discovery responses by March 4, 2005, and warned the plaintiffs that no extensions of time would be granted.  On March 4, 2005, the plaintiffs filed a motion to reconsider the court's February 23, 2005 Order or alternatively, to request more time to respond to outstanding discovery.

Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." ***Hope v. United States***, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994).  *See also* ***Talano v. Northwestern Medical Faculty Foundation, Inc.***, 275 F.3d 757, 758 n.1 (7th Cir. 2001).  In ***Frietsch v. Refco, Inc.***, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled

2

> against him.  Were such a procedure to be
> countenanced, some lawsuits really might
> never end, rather than just seeming endless.

56 F.3d at 828

*See also* **Heft v. Moore**, 351 F.3d 278, 282 n.1 (7th Cir. 2003);

**Retired Chicago Police Association v. City of Chicago**, 76 F.3d

856, 867 (7th Cir. 1996) ("A Rule 59(e) motion cannot be used to

present evidence that could and should have been presented prior

to entry of final judgment"); **LB Credit Corporation v. Resolution**

**Trust Corporation**, 49 F.3d 1263, 1267 (7th Cir. 1995).

Federal Rule of Civil Procedure 37(b)(2) states that if a

party fails to comply with a court's order, the court may "make

such orders in regard to the failure as are just," including

dismissal of the action.  When a party has failed to prosecute

his case or to obey an order of the court, dismissal is appropri-

ate if there is a "clear record of delay or contumacious conduct,

or when other less drastic sanctions have proven unavailing."

**Maynard v. Nygren**, 332 F.3d 462, 467-68 (7th Cir. 2003) (*quoting*

**Williams v. Chicago Board of Education**, 155 F.3d 853, 857 (7th

Cir. 1998)).

Although the plaintiffs have failed to respond to every

motion filed by the defendant in this court, including the motion

to compel interrogatory responses that was the subject of the

February 23, 2005 Order, the plaintiffs assert that they should

be granted relief from the February 23, 2005 Order.  By way of

explanation, counsel for the plaintiffs avers that he sent the

Authorization Forms compelled by this court to the plaintiffs on

3

February 14, 2005.  Considering that on December 2, 2004, this court ordered the plaintiffs to produce these authorizations within 10 days of the court's order, this belated mailing is grossly dilatory.  Additionally, plaintiffs' counsel states that he discovered that the plaintiffs had failed to respond to their interrogatories at some time "prior to" a February 2005 meeting with defense counsel.  Again, given that the interrogatories were propounded in November 2004 and were the subject of the defendant's January 25, 2005 motion to compel to which the plaintiffs never responded, this belated realization does not warrant reconsideration of the court's February 23, 2005 Order.  Nor does the plaintiffs' suggestion that their responses got lost in the mail between February 22 and March 4, 2005.  If in fact mailed, these responses were nearly three months late.

This court has warned the plaintiffs that failure to comply with discovery would result in dismissal with prejudice.  For the second time, the defendant seeks dismissal in its response to the plaintiffs' motion to reconsider.  In light of the plaintiffs' nearly complete failure to comply with discovery deadlines, comply with this court's orders, or prosecute this case, the court sees no reason why reconsideration of the February 23, 2005 Order should be given or why dismissal should not now be granted against the plaintiffs.

_____

For the foregoing reasons, the Motion to Reconsider And In The Alternative to Grant an Extension of Time to Answer Interrog-

atories filed by the plaintiffs, Brian, Joseph, and Elaine
Bolanowski, on March 4, 2005 is **DENIED**, and this matter is
**DISMISSED WITH PREJUDICE.**

ENTERED this 18th day of April, 2005


                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge